UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 1:02-CR-186

v.

Hon. Richard Alan Enslen

ALFREDO BALDERAS, JR.,

**ORDER**

        Defendant.
_____/

      This matter is before the Court on the Motion for Psychiatric Evaluation Prior to Sentencing filed by defense counsel for Defendant Alfredo Balderas, Jr. The Motion is accompanied by a handwritten letter which is a first-person account of Defendant's psychological history and relates many of his past personal difficulties to past mental disease diagnoses (which are described in the letter as personality disorder, bi-polar disorder and post-traumatic stress disorder). The letter also explains Defendant's history of substance abuse as attempts to self-medicate. Much of the history contained in the letter was not contained in the Pre-Sentence Report which was prepared before the submission of the letter.

      Plaintiff United States of America has responded in writing to the Motion. The Response does not take a position on the Motion other than to specify the legal procedures pertinent under 18 U.S.C. § 4244(a) and to suggest that the Court hear the Motion orally.

      Such hearing of this Motion is unnecessary and would unduly protract Defendant's sentencing and possible future mental health care. Section 4244(a) requires a showing of "substantial information that a defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care and treatment in a suitable facility." This

standard is difficult to meet because it requires a showing of a current mental health condition which may require mental health hospitalization. *See United States v. Scarpa*, 913 F.2d 993, 1023-24 (2d Cir. 1990) (finding that standard was not met by a prisoner with a history of mental illness, but who appeared competent during court proceedings); *United States v. Berger*, 103 F.3d 134, 1996 WL 694337, **3 (7th Cir. Nov. 27, 1996) (citing *Scarpa*). In this case, Defendant's letter does not amount to "substantial information" that Defendant has a current mental health condition which may require his placement in a correctional mental health facility.

Nevertheless, the statute cited is not the only pertinent statutory reference. Title 18 U.S.C. § 3552(b) governs the preparation of pre-sentence reports and permits, in the Court's discretion, the Court to order "a study of the defendant" by local medical and mental health consultants. This is clearly warranted in this situation. The Pre-Sentence Report, as currently prepared, states that "defendant has denied any past or current mental or emotional problems." (P.S.R. ¶ 79.) This is not accurate since Defendant is currently requesting treatment for mental illness. The Report also needs to be revised to comment upon the representations made in the letter, particularly since a history of mental illness, past military service, deceased siblings and custody adjustment problems is given which was not apparent from the Report.

Further, the Court needs the services of a psychiatric consultant to answer at least four significant questions concerning Defendant. (1) Is Defendant currently suffering from any mental disease requiring medication or other form of mental health treatment? (2) What are the prospects for successfully treating any chronic mental illness that Defendant may be experiencing on a long-term basis? (3) Was Defendant suffering from any mental disease at the time of his offense conduct such that his offense conduct is factually related to a diminished mental capacity? (4) What portions

of the mental health history contained in Defendant's letter have been able to be verified through medical /mental health records or other official documentation?

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Alfredo Balderas, Jr.'s Motion for Psychiatric Evaluation Prior to Sentencing (Dkt. No. 35) is **GRANTED as to a consultive exam pursuant to 18 U.S.C. § 3552(b), but DENIED as to an examination under 18 U.S.C. § 4244(a).**

**IT IS FURTHER ORDERED** that the United States Probation Officer assigned this matter shall engage a consultant psychiatrist to perform the study of Defendant pursuant to 18 U.S.C. § 3552(b), and the services of the consultant shall be paid under 18 U.S.C. § 3672.

**IT IS FURTHER ORDERED** that the study by the consultant shall be completed within 40 days of this Order, Defendant shall cooperate with said study, and the study report shall be provided to the Court and shared with all counsel and Defendant in a timely manner.

**IT IS FURTHER ORDERED** that, after such study, the Pre-Sentence Investigation Report shall be **REVISED** to include the results of the study as well as further investigation by the Investigator concerning statements made in Defendant's letter and disclosed to the parties within 14 days of the disclosure of the study report.

**IT IS FURTHER ORDERED** that the parties shall have a right to object to the revised Pre-Sentence Investigation Report consistent with W.D. Mich. L. Cr. R. 32.2(d).

**IT IS FURTHER ORDERED** that sentencing is **ADJOURNED** and will be rescheduled upon the Court's receipt of the psychiatric study report.

DATED in Kalamazoo, MI:  
October 1, 2007

/s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE